IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jerome Curry<br>*a/k/a*<br>*(Flesh And Blood Man)*,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>Kirkland Corr. Inst., Lieber Corr. Inst. Warden, Attorney General of South Carolina, State of South Carolina,<br><br>　　　　　　　　Respondents. | Case No. 0:24-cv-01674-JDA<br><br>**OPINION AND ORDER** |

　　　This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 81] and on Petitioner's motion for summary judgment [Doc. 61], motion to strike Respondent's motion to hold time [Doc. 87], motions to amend [Docs. 90; 97; 107; 114], motion for copies [Doc. 100], motion for change of venue [Doc. 110], motion for PR appeal bond [Doc. 118], and motion for production of records [Doc. 119]. Proceeding pro se, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has twice amended his petition. [Docs. 1; 9; 38.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

　　　On August 30, 2024, the Magistrate Judge issued the Report recommending that the case be dismissed for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), without prejudice to his right to file a new petition once he has exhausted his state court remedies, and that Petitioner's summary judgment motion be denied.

[Doc. 81.] The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 4.] On September 19 and 30, 2024, Petitioner filed objections to the Report and a supplement to the objections.[1] [Docs. 91; 93.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

---

[1] On October 24, 2024, Petitioner filed a notice of appeal as to the Report. [Doc. 101.] On January 29, 2025, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of appellate jurisdiction on the basis that the Report was neither a final order nor an appealable interlocutory or collateral order. [Doc. 125.] The Court notes that "while the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal, the district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) (cleaned up).

As noted, the Magistrate Judge recommends dismissing this action for Petitioner's failure to exhaust his state remedies.[2] [Doc. 81.] Specifically, the Magistrate Judge noted that Petitioner admits he has not yet exhausted his state remedies in light of his pending state post-conviction relief ("PCR") action, but he argues the Court should stay this action. [*Id*. at 3.] The Magistrate Judge indicated that the Petitioner does not appear to have an issue with the statute of limitations, considering the statute of limitations is tolled while Petitioner pursues relief in his state PCR case. [*Id.* (citing 28 U.S.C. § 2244(d)).]

In his objections, Petitioner appears to argue that because he has *initiated* PCR proceedings, he has exhausted his administrative proceedings. [Doc. 91 at 3.] That is not correct. "To satisfy the exhaustion requirement [set out in 28 U.S.C. § 2254(b)(1)(A)], a habeas petitioner must fairly present his claim to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011), and "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Petitioner has not yet completed this process. In fact, a review of the Charleston County Public Index reveals that Petitioner recently filed a motion to amend his PCR application on February 21, 2025, just a little more than one month ago. *See Curry v. South Carolina*, No. 2022CP1002017, available at Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/    (search    by    case    number

---

[2] The Report noted that Petitioner attempted to raise issues in his amended petitions that were unrelated to his originally filed petition. [Doc. 81 at 2.] The Report declined to address issues as to unrelated convictions arising out of different criminal cases for which Petitioner would need to file a separate petition. [*Id.*]

2022CP1002017) (last visited Mar. 28, 2025). Thus, Petitioner's objection that he has satisfied the habeas exhaustion requirement is overruled.

In a supplement to his objections, Petitioner, citing *Davis v. Scott*, 176 F.3d 805 (4th Cir. 1999), contends that the Magistrate Judge was without jurisdiction under 28 U.S.C. § 636(c) to issue the Report because Petitioner did not consent to a magistrate judge presiding over his case. [Doc. 93 at 1.] However, in this case, the matter was before the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) (providing for automatic references to magistrate judges of all pretrial proceedings in applications for post-conviction review under 28 U.S.C. § 2254), and thus no consent by Petitioner was required. Accordingly, Petitioner's objection is overruled.

Petitioner also contends that the Magistrate Judge has been biased towards him as evidenced by the fact that she has consistently ruled against him. [Doc. 93 at 1–2.] To the extent that Petitioner is arguing that the Magistrate Judge should be disqualified, the disqualification statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a), (b)(1). Critically, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because Petitioner's allegation of the Magistrate Judge's bias is based only on her rulings

4

and recommendations that were unfavorable to him, the Court overrules this objection as well.

In addition to the objections the Court has specifically discussed, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED without prejudice to Petitioner's right to file a new petition once he has exhausted his state court remedies, and Petitioner's motion for summary judgment [Doc. 61] is DENIED. Additionally, Petitioner's motion to strike Respondent's motion to hold time [Doc. 87], motions to amend [Docs. 90; 97; 107; 114], motion for copies [Doc. 100], motion for change of venue [Doc. 110], motion for PR appeal bond [Doc. 118], and motion for production of records [Doc. 119] are DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 31, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.